IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TORNELLO PIERCE,            )
                            )
     Plaintiff,             )
                            )
     v.                     )     1:05CV01164
                            )
WELLS FARGO BANK,           )
                            )
     Defendant.             )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Tornello Pierce ("Plaintiff"), pro se, filed this action against Defendant Wells Fargo Bank ("Defendant") claiming Defendant violated state and federal laws by not disclosing that it did not actually keep tangible money on hand to back the loans it makes. Thus, Plaintiff's three-count complaint claims Defendant unlawfully created money out of nothing when Plaintiff accepted a mortgage-secured loan from Defendant. Plaintiff has several motions for default judgment pending. Defendant has a motion to dismiss filed under Federal Rule of Civil Procedure 12. For the reasons stated below, the court will deny Plaintiff's motions and grant Defendant's motion.

I.   **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff has filed three separate motions for default judgment. Under Federal Rule of Civil Procedure 55(b),

"[j]udgment by default may be entered" under several different methods.  However, "[p]rior to obtaining a default judgment under . . . Rule 55(b)[] . . ., there must be an entry of default as provided by Rule 55(a)."  10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure:  Civil 3d § 2682, at 13 (1998 & Supp. 2006).  Plaintiff has never moved for an entry of default.  For that reason, Plaintiff's motions will be denied.

**II.  DEFENDANT'S MOTION TO DISMISS**

Defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  This court should not grant such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957).  The court must construe the complaint's well-pled facts in the most favorable light.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  Courts should also carefully examine a pro se complaint given the probable lack of legal training by the complaint's author.  See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

    A.  Plaintiff's First and Second Counts

Defendant first argues that Plaintiff's first and second counts fail to state a claim under the appropriate state law.  Plaintiff's count for "money lent" and count for "breach of

2

contract" both state that Plaintiff deposited money with Defendant and Defendant did not have the cash on hand. While Plaintiff's complaint is completely confusing, apparently Defendant holds a mortgage with Plaintiff as mortgagor. Plaintiff's legal argument is that Defendant does not have the cash on hand to support the loan it made to Plaintiff. Somewhere in the loan relationship, Plaintiff became a "depositor."

The court holds that these counts are without legal foundation. The court cannot conceive of any claims for "money lent" or "breach of contract" merely because Defendant does not keep a tangible manifestation at its disposal of the money it loans. For this reason, Defendant's motion as to the first and second counts will be granted.

B. Plaintiff's Third Count

In the third count, Plaintiff sold Defendant a promissory note, a note that Defendant prepared. Defendant failed to disclose to Plaintiff that he was a depositor and "that . . . Defendant neither risked any of its assets in this exchange, nor any assets of other depositors." (Compl. at 4.) Through this conduct, Defendant violated 12 C.F.R. § 226.17(c)(1).

In 12 C.F.R. § 226.17(c)(1), a lending institution's disclosure must "reflect the terms of the legal obligation between the parties." This section is part of Regulation Z, which "the Board of Governors of the Federal Reserve System [issued] to implement the Federal Truth in Lending Act." 12

3

C.F.R. § 226.1(a). As to form of the disclosures, the "disclosures . . . shall not contain any information not directly related to the disclosures required under § 226.18." Id. § 226.17(a) (footnote omitted). Section 226.18 states the required disclosures and limits what can be disclosed. That provision requires disclosure of the creditor's identity, the amount financed, finance charges, the annual percentage rate, and other related information about the loan. It does not have a requirement to disclose whether a lender risks particular assets in making a loan. For this reason, Plaintiff fails to state a claim, and the court will dismiss the claim.

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's motions for default judgment [5], [10], and [11] are DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [6] is GRANTED.

This the 1st day of September 2006.

_____
United States District Judge